http://www.va.gov/vetapp16/Files3/1621742.txt

Citation Nr: 1621742 
Decision Date: 05/31/16 Archive Date: 06/08/16

DOCKET NO. 10-11 302 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Atlanta, Georgia

THE ISSUE

Entitlement to service connection for atrial fibrillation with rapid ventricular response.

REPRESENTATION

Veteran represented by: Disabled American Veterans

WITNESS AT HEARING ON APPEAL

The Veteran

ATTORNEY FOR THE BOARD

Alexander Panio, Associate Counsel

INTRODUCTION

The Veteran served on active duty from October 1983 to October 1986, November 2003 to March 2004, March 2005 to January 2006, October 2012 to November 2014 and from February 2015 to December 2015 with additional reserve service.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a June 2011 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO).
 
In July 2015 the Board remanded this case so that the Veteran could participate in a hearing. The Veteran testified at a videoconference hearing before the undersigned Veterans Law Judge in March 2016. A transcript of those proceedings is of record. 

The Veteran has filed a claim for coronary artery disease; however that claim has not been adjudicated by the RO and is not before the Board. 

FINDINGS OF FACT

The Veteran's episode of atrial fibrillation occurred during a period of inactive duty for training (INACDUTRA).

CONCLUSION OF LAW

The criteria for service connection for atrial fibrillation with rapid ventricular response have not been met. 38 U.S.C.A. §§ 101, 1110, 1131, 1154, 5107 (West 2014); 38 C.F.R. §§ 3.6, 3.102, 3.303 (2015).
 

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The facts of this case are not in dispute. The record indicates that the Veteran suffered a lone episode of atrial fibrillation during a weekend drill as part of his Army Reserve in March 2007. The Veteran was diagnosed with atrial fibrillation for the first time, treated for the condition and released. The Veteran has stated that he suffered two previous episodes of atrial fibrillation in 1990 and 1992, both while on similar Reserve weekend trainings, but that he did not seek medical attention on either occasion and that both episodes resolved on their own after several hours. The Veteran contends that service connection is warranted for atrial fibrillation because the episodes occurred during a period of INACDUTRA and because the condition is chronic. Alternatively, the Veteran argues that his preexisting atrial fibrillation was aggravated by his March 2007 period of INACDUTRA. See Scott v. McDonald, 789 F.3d 1375 (Fed. Cir. 2015). 

Service connection may be granted if the evidence demonstrates that a current disability resulted from an injury or disease incurred or aggravated during active military service. 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303(a). Establishing service connection generally requires medical or, in certain circumstances, lay evidence of (1) a current disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a nexus between the claimed in-service disease or injury and the present disability. See Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009).

The term "service," as used in 38 C.F.R. § 3.303, includes active duty, any period of active duty for training (ACDUTRA) during which the individual concerned was disabled or died from disease or injury incurred or aggravated in the line of duty, and any period of inactive duty training (INACDUTRA) during which the individual concerned was disabled or died from an injury, but not disease, incurred or aggravated in the line of duty or from an acute myocardial infarction, a cardiac arrest or a cerebrovascular accident which occurred during such training. See 38 U.S.C.A. § 101(10), (23); 38 C.F.R. §§ 3.6(a)-(d).

The Veteran's documented episode of atrial fibrillation, and by history his previous episodes, occurred during a period of INACDUTRA. However, INACDUTRA does not become a period of service upon which service connection can be predicated absent the incurrence or aggravation of an injury or of one of the identified cardiovascular events. See id. The Federal Circuit has made clear that service connection for persons on inactive duty is permitted only for injuries, and not diseases, incurred or aggravated in the line of duty. 38 U.S.C.A. §§ 101(24), 1131; Brooks v. Brown, 5 Vet. App. 484 (1993), aff'd, 26 F.3d 141 (Fed. Cir. 1994). 

"Injury" is defined as harm resulting from some type of external trauma and "disease" is defined as harm resulting from some type of internal infection or degenerative process. VAOPGCPREC 4-2002. Atrial fibrillation is very rapid uncoordinated contractions of the atria of the heart. Hatlestad v. Brown, 5 Vet. App. 524, 526 (1993). There is no indication in the record that the Veteran's atrial fibrillation is the result of external trauma and the Board finds that the condition is appropriately categorized as a disease rather than an injury. Dorland's Illustrated Medical Dictionary, 535 (31st ed.2007) (a disease is any deviation from the normal structure or function of an organ as manifested by characteristic symptoms). Moreover, atrial fibrillation is not one of the cardiovascular diseases or events specifically included as a qualifying condition for service connection based on INACDUTRA. 

As the disposition of this claim is based on the law as applied to undisputed facts, there is no basis on which service connection may be granted and the claim must be denied based on a lack of entitlement under the law. Sabonis v. Brown, 6 Vet. App. 426 (1994)(when the law and not the evidence is dispositive, a claim for entitlement to VA benefits should be denied or the appeal terminated because of the absence of legal merit or the lack of entitlement under the law).

ORDER

Service connection for atrial fibrillation with rapid ventricular response is denied.

____________________________________________
Steven D. Reiss 
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs